**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KENNETH HORNER,**

       **Petitioner,**

       **v.**

**WARDEN, BELMONT
CORRECTIONAL INSTITUTION,**

       **Respondent.**

       **CASE NO. 2:20-CV-6118
       JUDGE EDMUND A. SARGUS, JR.
       Chief Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") (applicable to § 2241 petitions pursuant to Rule 1(b)). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

## I.      BACKGROUND

Petitioner challenges his continued incarceration as barred by the Eighth Amendment based on the impact of COVID-19. He complains that he is confined, eats, and sleeps within three feet of other prisoners and at high risk for complications due to COPD, Hepatitis-C, and the

denial of the use of an inhaler and stomach medications by prison staff due to COVID-19 cutbacks.  Petitioner states that inmates and staff do not wear masks.  He complains that he has been denied the right to earn good time credits or get into a drug treatment program due to limitations on programs from the impact of COVID-19, and thereby denied his right to reduce his sentence.  He seeks immediate release, a preliminary injunction, mental health and drug therapy, and the award of good time credits.

## II.    DISCUSSION

Where the petitioner requests immediate release from confinement, his claim may properly be addressed under 28 U.S.C. § 2241.  *See Walker v. Warden*, No. 1:20-cv-302, 2020 WL 6392463, at *1-2 (S.D. Ohio Nov. 2, 2020) (citing *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020)).  "[W]here a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement."  *Wilson v. Williams*, 961 F.3d at 838 (citing *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011)); *cf. Terrell v. United States*, 564 F.3d 442, 446−48 (6th Cir. 2009).  "[R]elease from confinement. . .  is 'the heart of habeas corpus.'"  *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)).

Still, "[b]efore a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies[.]"  *Melchor v. Williams*, No. 4:20-cv-1022, 2020 WL 4558458, at *1 (N.D. Ohio June 12, 2020) (citing *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017)).

> Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v.*

2

*Ngo*, 548 U.S. 81, 89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (internal citations and quotation marks omitted). In addition, exhaustion of available administrative procedures also ensures that the Court has an adequate record before it to review the agency action in question. *Id.; see also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (further citations omitted)).

*Id*., at *2.

Petitioner states that he has filed grievances in the prison system; however, the documents he has attached indicate that those grievances were related to his lack of access to the prison's law library.  (ECF No. 1-1, PAGEID # 16-17, 29.)  Thus, Petitioner has not exhausted his claim(s) regarding the unconstitutionality of his continued incarceration based on the impact of COVID-19.  This action is subject to dismissal on this basis.  *See Walker,* 2020 WL 6392463, at *2 (citing *Medina v. Williams*, 823 F. App'x 676–77 (10th Cir. 2020) (noting that the dismissal of a prisoner's COVID-19 claims brought under § 2241 was proper because the petitioner failed to demonstrate that he has exhausted his available state remedies); *Elleby v. Smith*, No. 20-cv-2935, 2020 WL2611921, at *4 (S.D.N.Y. May 22, 2020) (joining federal district courts around the country that have recently dismissed, or held dismissible, COVID-19-related petitions for failure to exhaust state remedies) (collecting cases); *Malloy v. Dist. Attorney of Montgomery Cty.*, No. 20-1804, 461 F. Supp. 3d 168, 2020 WL 2571170, at *3 (E.D. Pa. May 21, 2020) (dismissing COVID-19 habeas petition for failure to exhaust, finding the "[p]etition contains no suggestion that Petitioner has attempted to exhaust the state court process through emergency motion or petition to the state trial or appellate courts"); *Griffin v. Cook*, No. 3:20-cv-589, 2020 WL 2735886, at *5 (D. Conn. May 26, 2020) (dismissing COVID-19 petition for lack of exhaustion); *Resch v. Rewerts*, No. 1:20-cv-515, 2020 WL 3396625, at *4 (W.D. Mich. June 19, 2020) (same)).

Consequently, the Court also denies Petitioner's unspecified request for a preliminary injunction. *Walker v.* 2020 WL 6392463, at *3 (citing *Evil v. Whitmer*, No. 20-cv-343, 2020 WL 1933685, at *2–3 (W.D. Mich. Apr. 22, 2020) (finding that "because Petitioner has failed to exhaust available state court remedies, he has no chance of success on the merits of his claim" and "preliminary injunctive relief is inappropriate"); *Harrison v. Wolcott*, No. 20-cv-6270, 2020 WL 3000389, at *4 (W.D.N.Y. June 4, 2020) (finding that petitioner had not demonstrated a likelihood of success on the merits because petitioner's COVID-19 claims were unexhausted)).

Petitioner's remaining claims, including his alleged exclusion from prison programs and other claims arising from day-to-day treatment in prison do not provide him relief under the provision of 28 U.S.C. § 2241 and must be brought in a civil rights action under 42 U.S.C. § 1983. *See Eberly v. Gray*, No. 2:20-cv-4127, 2020 WL 5542144, at *2 (S.D. Ohio Sept. 16, 2020) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Grace v. Warden NCCC*, No. 3:14CV1480, 2015 WL 137595, at *1 (N.D. Ohio Jan. 9, 2015); *McKissic v. Barr*, No. 1:20-cv-526, 2020 WL 3496432, at *2 (W.D. Mich. June 29, 2020) (plaintiff's claims regarding the constitutionality of his custody in prison because of risks posed by COVID-19 are principally claims regarding the conditions of his confinement which should be raised under § 1983)). *See also Aultman v. Shoop*, No. 2209-3304, 2020 WL 3869478 (S.D. Ohio July 9, 2020) ("To the extent that Plaintiff seeks relief other than his immediate release, his claim may be properly brought under 42 U.S.C. § 1983.)

## III.    DISPOSITION

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice as unexhausted.

4

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 *s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE