IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENNETH HORNER,

    Petitioner,

v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:20-CV-6118
JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On March 11, 2021, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's Motion to Dismiss (ECF No. 10) be denied and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed. Petitioner has filed Objections to the Magistrate Judge's Report and Recommendation. (ECF Nos. 13, 15.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objections (ECF Nos. 13, 15) are **OVERRULED**. The Report and Recommendation is **ADOPTED** and **AFFIRMED**. Respondent's Motion to Dismiss (ECF No. 10) is **DENIED**. Petitioner's Motion to Take Judicial Notice (ECF No. 11) is **DENIED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner asserts that his continued incarceration violates the Eighth Amendment because he is at high risk of death from COVID-19 and prison officials have acted with deliberate indifference by placing him in a "COVID-19 hotspot" without placing him in quarantine, disregarding the risk to his health and safety. (*Objection*, ECF No. 13, PAGEID # 277, 280-81.) Petitioner objects to the recommended dismissal of this claim on the merits. He argues that the

Belmont Correctional Institution, where he is incarcerated, has failed to comply with the guidance and procedures set forth by the Ohio Department of Rehabilitation and Corrections ("ODRC"). Petitioner further contends that a fact-specific inquiry will show that he has established the subjective component of the deliberate indifference test.

However, the record now indicates that, on April 28, 2021, Petitioner received his second shot of the Moderna vaccine. (ECF No. 17-1, PAGEID # 312.) As of May 11, 2021, over 95% of Ohio's prison population has been offered the COVID-19 vaccine. (*Affidavit of Jennifer Sanders*, ECF No. 17-1, PAGEID # 310.) "The majority of incarcerated individuals who have not been vaccinated, have refused." (*Id.*) Approximately half of the prison population at the Belmont Correctional Institution, where Petitioner is housed, have received at least the first dose of the COVID-19 vaccine. (*Id.*, PAGEID # 311.) Under these circumstances, Petitioner's Eighth Amendment claim fails.

The Petitioner must establish that he is at high risk for complications from COVID-19 in order to obtain relief. *See Horner v. Warden, Belmont Corr. Inst.*, No. 2:20-CV-6118, 2021 WL 931481, at *4 (S.D. Ohio Mar. 11, 2021) (citing *Sow v. Adducci*, No. 2:20-CV-2140, 2020 WL 3000425, at *3 (S.D. Ohio June 4, 2020), *report and recommendation adopted*, 2020 WL 3415110 (S.D. Ohio June 22, 2020) (citing *Fofana v. Albence*, No. 20-10869, 2020 WL 1873307, at *10 (E.D. Mich. Apr. 15, 2020)); *Prieto Refunjol*, 461 F.Supp.3d 675, 710 (S.D. Ohio 2020)). He cannot now do so here, since he has received the both doses of the Moderna COVID-19 vaccine. The Centers for Disease Control and Prevention ("CDC") indicates that the Moderna vaccine has been found to be 94% effective in preventing hospitalization among fully vaccinated adults and 64% effective among partially vaccinated adults. https://www.cdc.gov/mmwr/volumes/70/wr/mm7018e1.htm?s_cid=mm7018e1_w. Thus,

Petitioner cannot establish that he is at high risk for serious complications or death from COVID-19.

Further, in order "[t]o succeed on an Eighth Amendment claim for deliberate indifference to serious medical needs, a [petitioner] must prove more than mere negligence on behalf of prison authorities." *Blackburn v. Noble*, 479 F.Supp.3d 511, 539-40 (E.D. Ky. 2020) (citing *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994)); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The inmate must show that prison officials knew of and disregarded an excessive risk. *Smith v. DeWine*, 476 F.Supp.3d 635, 661 (S.D. Ohio 2020) (citing *Farmer v. Brennan,* 511 U.S. at 834, 837-38 (1994)). Thus, prison officials who know of "a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk[.]" *Wilson v. Williams*, 961 F.3d 829, 840 (citing *Farmer*, at 844). Petitioner likewise cannot meet this requirement. The record indicates that prison officials have acted reasonably by offering the COVID-19 vaccine to more than 95% of Ohio's prison population.

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objections (ECF Nos. 13, 15) are **OVERRULED**. The Report and Recommendation (ECF No. 12) is **ADOPTED** and **AFFIRMED**. Respondent's Motion to Dismiss (ECF No. 10) is **DENIED**. Petitioner's Motion to Take Judicial Notice (ECF No. 11) is **DENIED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S.1071, ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a

habeas petitioner to obtain a certificate of appealability in order to appeal). A state prisoner incarcerated pursuant to a state conviction who seeks habeas relief under § 2241 likewise must obtain a certificate of appealability. *See Settle v. Parris*, No. 20-5734, 2020 WL 7706393, at *2 (6th Cir. Nov. 12, 2020) (citing *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 370 (6th Cir. 2001)).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

    **IT IS SO ORDERED**.

    s/Edmund A. Sargus, Jr. 5/28/2021
    **EDMUND A. SARGUS, JR.**
    **UNITED STATES DISTRICT JUDGE**